UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SETH MITCHELL,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT;
HOUSING PARTNERSHIP DEVELOPMENT
CORPORATION; MR. ERIC ENDERLIN; MR.
NICK LUNDGREN, ESQ.; MR. MATT
MURPHY; MS. EVA TRIMBLE; MS. NIDIA
DORMI; MR. DANIEL MARTIN; MS.
ABIGAIL PATTERSON, ESQ.; MS. EBONY
MOSURO; MR. THOMAS MELO; JOHN &
JANE DOES 1 – 1000;,

                    Defendants.

19-CV-2785 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, appearing *pro se*, brings this action under the Fair Housing Act (FHA), the

Americans with Disabilities Act (ADA), and the Civil Rights Act of 1964, alleging that

Defendants "unconscionably denied him rightful residential accommodation." By order dated

June 3, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is,

*in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

          The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Seth Mitchell identifies himself as a "Single, White, Naturally-born United States Person who maintains certain permanent disabilities and is a crime victim as defined by

VAWA,[1] and who plans to increase His family size in 2019 to two (2) from one (1)." (Compl. at 7). Plaintiff alleges the following facts.

On April 19, 2018, Plaintiff filed an application for housing at The Exhibit at 60 Fulton Street Affordable Housing, via NYC Housing Connect. On October 19, 2018, Plaintiff received an email from Housing Partnership Development Corporation (HPDC) for an interview for further processing of his April 19, 2018 application.

Plaintiff met with Defendant Melo on October 29, 2018, and he provided all necessary documentation to complete his application. Plaintiff received an email from Defendant Melo on December 26, 2018, however, that included a Notice of Ineligibility, thereby denying Plaintiff's housing application. In response, on January 1, 2019, Plaintiff submitted his appeal documentation to Defendant Melo to substantiate that he meets all requirements for tenancy at 60 Fulton Street, and to request that the denial be overturned.

On February 5, 2019, Plaintiff emailed Defendant Martin, the Chief Executive Officer of HPDC, requesting his help, but Plaintiff never received a response. Plaintiff received a final determination letter on February 6, 2019, denying Plaintiff's application for housing. The next day, Plaintiff filed a formal written complaint, and on February 11, 2019, Plaintiff received an email from Defendant Murphy, denying Plaintiff's request to meet.

On February 26, 2019, Plaintiff received, via email, a letter from Defendant Dormi that Plaintiff describes as "HPD formally 'support[ing]' HPDC's blatantly discriminatory actions

---

[1] The Violence Against Women Act (VAWA) entitles any person injured by gender-motivated violence to sue the perpetrator in federal court. *See Ericson v. Syracuse Univ.*, 45 F. Supp. 2d 344, 345 (1999). It is unclear what, if any, claims Plaintiff purports to bring under VAWA, but he indicates "Women Against Violence Act of 1994" on the first page of his complaint. In the relief section of his complaint, however, he indicates that he seeks relief under the FHA, ADA, and the Civil Rights Act.

regarding the illicit denial of rightful housing accommodation." (*Id.* at 6.) Defendant Lungren, on March 22, 2019, denied via email Plaintiff's demand for settlement.

Plaintiff avers that this is Defendants' second violation of his rights. He asserts that the first violation occurred "in 2016-2017, where, after lease signing, accepting His first month's rent and security deposit, and providing Him with keys to residential unit 3F1 at 300 West 46th Street, New York County, New York, 10018, CHDC then refused Him access to said residential unit in February 2017 and refused to refund Him the upfront monies paid to CHDC; no Prosecution was commenced against CHDC and no private resolution to that controversy was ever achieved." (*Id.*)

Plaintiff seeks declaratory and injunctive relief and unspecified monetary damages.

## DISCUSSION

### A.      Claim Under the Civil Rights Act of 1964

Title II of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, religion or national origin by places of public accommodation that affect interstate commerce; it also prohibits retaliation against a person who exercises his rights under Title II.

Title II of the Civil Rights Act of 1964 provides that:

> [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

Places of public accommodation fall into four broad categories: (1) establishments that provide lodging to transient guests, (2) facilities selling food for consumption on the premises, (3) places of exhibition or entertainment, and (4) facilities that include a place of public

accommodation, or are on the premises of a public accommodation, which hold themselves out as serving the patrons of such public accommodation. *See id.* § 2000a(b).

**B.      Claims Under the ADA**

The ADA prohibits discrimination against the disabled in major areas of life. The statute consists of three parts: Title I, 42 U.S.C. § 12111 *et seq*., which prohibits discrimination in employment; Title II, 42 U.S.C. §  12131 *et seq*., which prohibits discrimination by public entities; and Title III, 42 U.S.C. § 12181 *et seq*., which prohibits discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. To assert a claim under this statute,

> a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability." *Id.* And "a defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified disabled individual 'to have access to and take a meaningful part in public services.'"

*McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir.2004)).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The statute further states that

> [i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in

or benefit from a good, service, facility, privilege, advantage, or accommodation *that is not equal to that afforded to other individuals*.

42 U.S.C. § 12182(b)(1)(A)(ii) (emphasis added); *see also Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008).

### C.       Claim Under the FHA

The FHA "broadly prohibits discrimination in housing . . . ." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

Even based on a liberal reading of Plaintiff's allegations, the Court is unable to conclude that this action can proceed under the Civil Rights Act of 1964, the ADA, or the FHA. Although Plaintiff identifies himself as a "Single, White, Naturally-born United States Person who maintains certain permanent disabilities and is a crime victim as defined by VAWA, and who plans to increase His family size in 2019 to two (2) from one (1)," he does not allege facts suggesting that any Defendant discriminated against him, or retaliated against him, on the basis of any impermissible factor.

**D.     Litigation History**

Plaintiff has filed many *pro se* cases and appeals within this Circuit that have been dismissed for lack of merit. *See Mitchell v. Cigna Corp.*, No. 19-CV-3802 (LLS) (S.D.N.Y. May 21, 2019) (listing cases). By order dated May 21, 2019, the Court warned Plaintiff that should he persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order him to show cause, under 28 U.S.C. § 1651, why he should not be barred from filing new actions *in forma pauperis* without prior permission from the Court. *Id.*

## LEAVE TO AMEND

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because it is not clear whether Plaintiff can state a valid claim, the Court grants Plaintiff leave to amend within 60 days of the date of this order.

In the event that Plaintiff chooses to file an amended complaint, the Court strongly encourages him to ask for assistance from someone who can help him organize his thoughts and claims. If Plaintiff needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The amended complaint, if Plaintiff chooses to file one, should be sent to this Court's Pro Se Intake Unit.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint.

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-2785 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to

excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's request for counsel (ECF No. 7) is denied without prejudice to renewal at a later date.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 1, 2019
          New York, New York

                                   COLLEEN McMAHON
                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 2: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 3: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 4: _____

        First Name              Last Name

        _____

        Current Job Title (or other identifying information)

        _____

        Current Work Address (or other address where defendant may be served)

        _____

        County, City          State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.