UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SETH MITCHELL, <br><br> Plaintiff, <br><br> -against- <br><br> THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; HOUSING PARTNERSHIP DEVELOPMENT CORPORATION; MR. ERIC ENDERLIN; MR. NICK LUNDGREN, ESQ.; MR. MATT MURPHY; MS. EVA TRIMBLE; MS. NIDIA DORMI; MR. DANIEL MARTIN; MS. ABIGAIL PATTERSON, ESQ.; MS. EBONY MOSURO; MR. THOMAS MELO; JOHN & JANE DOES 1 – 1000, <br><br> Defendants. | 19-CV-2785 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

By order dated July 1, 2019, the Court concluded that this action could not proceed under the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Fair Housing Act (FHA) because, although Plaintiff identified himself as a "Single, White, Naturally-born United States Person who maintains certain permanent disabilities and is a crime victim as defined by VAWA[1] and who plans to increase His family size in 2019 to two (2) from one (1)" (ECF No. 2 at 7), he did not allege facts suggesting that any Defendant discriminated against him, or retaliated against him, on the basis of any impermissible factor. The Court granted

---

[1] The Violence Against Women Act (VAWA) entitles any person injured by gender-motivated violence to sue the perpetrator in federal court. *See Ericson v. Syracuse Univ.*, 45 F. Supp. 2d 344, 345 (1999). It is unclear what, if any, claims Plaintiff purported to bring under VAWA, but he indicated "Women Against Violence Act of 1994" on the first page of his complaint. In the relief section of his complaint, however, he indicated that he was seeking relief under the FHA, ADA, and the Civil Rights Act.

Plaintiff leave to amend his complaint to assert claims under the Civil Rights Act of 1964, the ADA, and the FHA. (ECF No. 8.)

On August 26, 2019, Plaintiff filed a motion (ECF No. 10) requesting a 60-day extension of time to comply with the Court's July 1, 2019 order, and by order dated August 27, 2019, the Court granted Plaintiff's request. (ECF No. 11.)

On October 21, 2019, Plaintiff filed a letter (ECF No. 12) advising the Court that Defendants "refuse all communications with Him and He has not obtained any additional evidence in further support of His claims, nor Has He obtained any evidence that would weaken or contradict any of His Claims." (*Id.* at 1.) Plaintiff further advised the Court that "He will not transmit an Amended Complaint and His lawsuit must at this juncture still hinge on his Original Complaint." (*Id.*) Plaintiff requests that "the Court issue an Order of Service." (*Id.*)

## DISCUSSION

For the reasons discussed in the Court's July 1, 2019 order, Plaintiff's claims under the Civil Rights Act of 1964, the ADA, and the FHA must be dismissed. In his original complaint, Plaintiff does not allege facts suggesting that any Defendant discriminated against him, or retaliated against him, because of any impermissible factor.

The Court dismisses Plaintiff's complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's request for an order of service is denied as moot.

Plaintiff is again warned that should he persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order him to show cause, under 28 U.S.C. § 1651, why he should not be barred from filing new actions IFP without prior permission from the Court. *See Mitchell v. Cigna Corp.*, ECF 1:19-CV-3802, 5 (S.D.N.Y. May 21, 2019) (listing cases).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 5, 2019
        New York, New York

                                      COLLEEN McMAHON
                                      Chief United States District Judge